UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-09600-AH-(ASx) | Date | July 11, 2025 |
|---|---|---|---|
| Title | *Caleb Anthony v. Navient Corporation et al.* | | |

| Present: The Honorable | Anne Hwang, United States District Judge |
|---|---|

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. NO. 35) AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS (DKT. NO. 36)**

Before the Court are Defendants Navient Solutions, LLC, and Navient Corporation's ("Defendants") Motion to Dismiss Plaintiff Caleb Anthony's ("Plaintiff") Second Amended Complaint ("SAC") (Dkt. No. 35) and Motion to Strike Class Allegations (Dkt. No. 36). The matter is fully briefed and the Court heard oral argument on July 9, 2025. For the reasons below, the Court GRANTS Defendants' Motion to Dismiss (Dkt. No. 35) and Defendants' Motion to Strike Class Allegations (Dkt. No. 36) is denied as moot.

## I. BACKGROUND

Plaintiff Caleb Anthony has a student loan serviced by Defendants Navient Corporation and Navient Solutions, LLC. *See generally* SAC, Dkt No. 34. When a natural disaster was declared for Plaintiff's county, Defendants were directed to place Plaintiff's loan into "disaster forbearance" so as to not capitalize any interest accrued over that time. *Id.* ¶ 28. Plaintiff alleges that Defendants did not do this, and instead first applied an "administrative forbearance" that Plaintiff never agreed

to. *Id.* ¶ 32. The administrative forbearance ("FORA") lasted from February 15, 2023 to March 15, 2023, and the disaster forbearance ("FORD") lasted from March 16, 2023 to April 15, 2023. *Id.* ¶ 34.

Defendants placed Plaintiff's loans into a disaster forbearance on March 16, 2023 and sent Plaintiff a loan statement that reflected his principal balance increased by $104.30 to $16,714.42. *Id.* ¶ 31. Plaintiff claims that his payments were not late because his payments from January and February, when his loan should have been in disaster forbearance, should have applied. *Id.* ¶ 32. However, Defendants' correspondence states that his account was "validly past due by 2 days" as of March 16, 2023. *Id.* ¶ 34.

Plaintiff alleges that Defendants' actions were not permitted under the Master Promissory Note ("MPN") nor the Higher Education Act of 1965 ("HEA"). *Id.* ¶¶ 1-3. Specifically, Defendants failed to timely place Plaintiff's loan into a disaster forbearance and instead unilaterally imposed an "administrative forbearance" without Plaintiff's request or authorization. *Id.* ¶ 3. Consequently, Plaintiff brings three causes of action: (1) breach of contract; (2) violation of the California Unfair Competition Law ("UCL"); and (3) violation of the California Student Borrower Bill of Rights Act ("SBBOR"). *Id.* ¶¶ 48-75. Cal. Bus. & Prof. Code §§ 17200 et seq.; Civ. Code, §§ 1788.101, et seq.

Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 10) and Motion to Strike Class Allegations (Dkt. No. 9) on November 13, 2024. The Court issued an order on April 25, 2025 granting Defendants' Motion to Dismiss with leave to amend and denying as moot Defendants' Motion to Strike Class Action Allegations. Dkt. No. 33. On May 28, 2025, Plaintiff filed a Second Amended Complaint. Dkt. No. 34. Defendants now bring a Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike Class Allegations. Dkt. Nos. 35, 36. Plaintiff opposed both motions on June 18, 2025. Dkt. Nos. 37, 38. Defendants replied on June 25, 2025. Dkt. Nos. 39, 40.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534

F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030−31 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545. A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ P. 15(a); *see Manzarek*, 519 F.3d at 1031. A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

## III. DISCUSSION

### 1. Preemption

Under the Supremacy Clause of the Constitution, federal law "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. "Consistent with that command," the United States Supreme Court has held that "state laws that conflict with federal law are 'without effect.'" *Altria Group, Inc. v. Good*, 555 U.S. 70, 76 (2008) (quoting *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Tocher v. City of Santa Ana*, 219 F.3d 1040, 1045 (9th Cir. 2000), abrogated on other grounds by *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 431-34 (2002).

a. <u>Express Preemption</u>

Express preemption applies when "Congress… define[s] explicitly the extent to which its enactments pre-empt state law." *Eng. v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990). Congress included several express preemption provisions in the HEA applicable to Federal Family Education Loan Program ("FFELP") Loans. *See e.g.* 20 U.S.C. §§ 1078(d), 1091a(a)(2)(B), 1091a(b)(1)-(3), and 1098g. Section 1098g provides that "[l]oans made, insured, or guaranteed pursuant to a program authorized by title IV of the Higher Education Act… shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g. Section 1078(d) provides that "no provision of any law . . . of any State . . . which limits the rate or amount of interest payable on loans shall apply to a loan which… bears interest" and is "insured by the United States" or other covered agency. 20 U.S.C. § 1078(d).

In *Chae v. SLM Corporation*, the Ninth Circuit held that Section 1098g expressly preempts certain claims under California's UCL. *Chae v. SLM Corporation*, 593 F.3d 936 (9th Cir, 2010). Describing a situation similar to the facts of this case, the Ninth Circuit held that "fraudulent misrepresentations in [defendant's] billing statements and coupon books are expressly preempted by the HEA." *Chae,* 593 F.3d at 950. The Ninth Circuit found that "[a]t bottom, the plaintiffs' misrepresentation claims are improper-disclosure claims[,]" and that a "properly-disclosed FFELP practice cannot simultaneously be misleading under state law, for state disclosure law is preempted by the federal statutory and regulatory scheme." *Id*. at 942-43.

The SAC, even as amended, still relies heavily on the alleged improper disclosure of administrative forbearance governed by the HEA. Plaintiff bases his breach of contract and SBBOR claims on Defendants' failure to provide notice prior to applying forbearance to Plaintiff's loans. SAC ¶¶ 53-54, 71-72. However, the HEA specifically governs improper disclosure of capitalization or forbearance. *See, e.g.*, 34 C.F.R. § 682.211(b)(1); 34 C.F.R. § 682.211(e)(1)–(2). Furthermore, Plaintiff continues to allege in his UCL and SBBOR claims that Defendants' conduct violated the HEA. SAC ¶¶ 59, 61, 69, 72. Although Plaintiff may have changed the phrasing of the pleadings, the core of these claims are still "improper-disclosure claims" in accordance with the Ninth Circuit's reasoning in *Chae*.

Plaintiff argues that there are "no claims of misleading or insufficiently explained disclosures in the SAC… the SAC drops these claims; they are not alleged anywhere in the SAC and the SAC does not contend any communications sent to him contained misleading misrepresentations." Opp'n at 7. Like in *Cockrell*, a similar case recently decided in this District, Plaintiff "disregards the recurring allegations that Navient failed to provide notice to borrowers before imposing forbearance and failed to disclosure the possibility of forbearance." *Joseph Cockrell v. Navient Corporation et al.*, No. 8:24-cv-01780-JVS-JDE, Dkt. No. 45, at 6 (C.D. Cal. June 9, 2025). The Court agrees with U.S. District Judge Selna that "[w]hile the SAC may no longer expressly allege 'misleading' disclosures, it is not merely *misleading* claims that are preempted by § 1098g, but rather any 'restyled improper-disclosure claims.'" *Id.* at 7 (citing *Chae*, 593 F.3d at 943). Accordingly, Plaintiff's state law claims that rely on improper disclosure allegations are preempted by Section 1098g.[1]

Additionally, Defendants argue that Plaintiff's claims are preempted by 20 U.S.C. § 1078(d). Mot. at 7. The Court looks to the text of the preemption provision and legislative history to determine its applicability. *See Chae,* 593 F.3d at 942-45. "Congress's direction to the [Department] shows that it aimed for uniformity of FFELP regulations…to prescribe regulations necessary 'to establish minimum standards' for lenders and servicers." *Id.* at 944. "The Loan Program specifically 'sets the maximum interest rate that a lender may charge…' [Citation omitted]. To ensure state law does not conflict with the uniformity of interest loan rates and amounts payable on a FFELP loan, § 1078(d) expressly preempts state law 'which limits the rate or amount of interest payable' on such loans." *Joseph Cockrell v. Navient Corporation et al.*, No. 24-CV-1780 JVS, Dkt. No. 33, at 9 (C.D. Cal. Mar. 18, 2025) (citing 20 U.S.C. § 1078(d)).

Judge Selna recently concluded: "Had the legislature intended § 1078(d) to sweep so broadly as to include improper capitalization of interest or principal loan amounts, it would have specified as much in the provision. However, in the absence of such express language, the Court will not read meaning into the law." *Joseph Cockrell v. Navient Corporation et al.*, No. 8:24-cv-01780-JVS-JDE, Dkt.

---

[1] At the July 9, 2025 hearing, Plaintiff confirmed that no standalone claim exists absent the HEA and non-disclosure allegations. Plaintiff declined the opportunity to amend the SAC to allege such independent claims. Further, Plaintiff could not cite to specific portions of the SAC that were not tied to the HEA and non-disclosure allegations.

No. 45, at 8 (C.D. Cal. June 9, 2025). This Court follows Judge Selna's reasoning and similarly concludes that Plaintiff's claims, particularly as amended, now focus on an allegedly unlawful increase in loan principal and not the interest rate.

Accordingly, the Court finds that all Plaintiff's claims are expressly preempted by Section 1098g, but not Section 1078(d).

b. Conflict Preemption

In the alternative, Plaintiff's state law claims are also preempted as a result of conflict preemption. Conflict preemption is implicit preemption of state law that occurs when either (1) "compliance with both federal and state regulations is a physical impossibility" or (2) "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015) (citation omitted). In enacting the HEA, Congress provided "a clear command for uniformity." *Chae*, 593 F.3d at 945.

The Ninth Circuit recognized in *Chae* that the HEA preempted claims under California law related to a loan servicer's allegedly fraudulent misrepresentations and held that "one need not have an advanced degree in risk management and financial practices to believe . . . that exposure to lawsuits under fifty separate sets of laws and court systems could make lenders reluctant to make new federally guaranteed student loans." *Id.* at 945 (citation and quotation marks omitted). The HEA embodies an "unmistakable command" from Congress "to implement the student-loan statutes" with "a set of rules that will apply across the board." *Id.* Similar to *Chae*, Plaintiff's breach of contract, UCL, and SBBOR claims seek to challenge the method by which student loan servicers may capitalize interest and communicate with borrowers about administrative forbearance. When considering the uniformity intended by Congress, Plaintiff's state law claims regarding disclosures and capitalization would "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Accordingly, the Court finds that Plaintiff's claims are barred by conflict preemption.

### 2. Private Right of Action

Although the HEA does not provide for a private right of action, Plaintiff is not bringing a claim directly under the HEA. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Instead, Plaintiff claims that he is

alleging "standalone consumer protection claims under the UCL and SBBR" that rely on violations of the HEA and "violations of the UCL's unfairness prong and the SBBR that don't implicate the HEA at all." Opp'n, at 4-5.

Despite Plaintiff's attempts to rename his UCL and SBBOR claims as separate from the HEA, they are still essentially allegations that Navient did not comply with the HEA disclosure requirements regarding interest and capitalization. *See McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1226 (11th Cir. 2002) (declining to imply a private right of action when Plaintiff's "mail and wire fraud claims [were] nothing more than purported HEA violations pled in RICO terms"). Because Plaintiff's state law claims are acting as HEA claims, these issues are more appropriately "presented to the Secretary, who [is] in a position to correct the problem." *Parks School of Business*, 51 F.3d at 1485. Accordingly, the Court finds that Plaintiff's UCL and SBBOR claims are barred as private claims seeking to enforce alleged violations of the HEA.

**3. Remaining Issues**

Because Plaintiff's claims are preempted, the Court does not reach the question of whether Plaintiff adequately states his remaining claims. Furthermore, the Court denies Defendants' requests for judicial notice because the Court did not rely on the requested documents when reaching its conclusion.

**4. Leave to Amend**

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ P. 15(a); *see Manzarek*, 519 F.3d at 1031. However, while there is a "general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998). The Court previously granted Plaintiff leave to amend to distinguish his claims from those provisions that expressly preempt them. The Court now finds that Plaintiff's claims are inextricably tied to preempted HEA violations and therefore amendment would be futile. Thus, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (Dkt. No. 35) without leave to amend and Defendants' Motion to Strike Class Allegations (Dkt. No. 36) is denied as moot.

**IT IS SO ORDERED.**